Requestor: Martin P. Winsor, Esq., Village Attorney Village of Schenevus 37 Dietz Street Oneonta, New York 13820
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the offices of village mayor and trustee of a school district which encompasses the village are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
You have informed us that the school district in issue is a central school district. Eligibility for the board of education of a central school district is governed by section 2103 of the Education Law.See, also, Education Law § 1804. Section 2103 prohibits a board member from being an employee of the board, and prohibits more than one family member from being a member of the same board, but there is no restriction on a board member holding any village office.
Similarly, section 3-300 of the Village Law establishes the eligibility requirements for village mayor. Although it contains certain restrictions on dual-officeholding, section 3-300 does not prohibit a mayor from serving as a school board trustee.
Furthermore, we note that a central school district and a village within the school district are separate municipal entities. Neither the village nor the school district exercises any supervisory responsibility over the other. We do not foresee that an individual serving as mayor and school board trustee could face any meaningful division of loyalties, or conflict of duties in his dual role. See, 1981 Op Atty Gen (Inf) 114; 1975 Op Atty Gen (Inf) 214.
We conclude that the positions of village mayor and school board member are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.